UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 1:16-cv-23241-UU

MARIA DEL CARMEN
MONTEFU ACOSTA, as
Personal Representative of
the Estate of MAYKEL
ANTONIO BARERRA,

    Plaintiff,

v.

MIAMI-DADE COUNTY,
*et al.*,

    Defendants.
_____/

## ORDER ON MOTION TO STAY PROCEEDINGS

THIS CAUSE is before the Court upon the parties Joint Motion to Stay Proceedings and Administratively Close Case Pending Resolution of Related State Criminal and Administrative Investigations, D.E. 5, filed August 3, 2016.

THE COURT has reviewed the pertinent portions of the record and is otherwise fully advised in the premises. The parties jointly move the Court to issue a complete stay of this civil action until the disposition of the criminal investigation being conducted by Miami-Dade Police Department and the State Attorney's Office. In support thereof, the parties state that they will be unable to participate in meaningful discovery, or otherwise fairly litigate this lawsuit, because "all reports, documents and information created or obtained in connection with the subject incident are protected from disclosure pursuant to applicable state and federal law pending the completion of these criminal and administrative investigations." D.E. 5 pp. 1-2. In other words, "all parties are left without the most important documents and evidence needed to prosecute and defend this lawsuit." *Id.* The parties also state that the officers implicated in this action may be

subject to future criminal charges and, therefore, "may have little choice but to assert their Fifth Amendment privilege against self-incrimination in response to discovery or at trial," thereby risking the "possibility of a jury taking adverse inferences from the assertion of their Fifth Amendment rights, as well as the possibility of civil sanctions for failing to respond to discovery requests." *Id.* pp. 2-3.

The decision to stay a civil action pending resolution of a parallel criminal proceeding is a matter of court discretion. *Clinton v. Jones*, 520 U.S. 681, 706 (1997). The power to stay a civil action is inherent in the Court's authority to control the disposition of cases on its docket in a manner that balances the competing interests of the Court, counsel and the litigants. *Landis v. North American Co.*, 299 U.S. 248, 254-55 (1936). Federal courts have stayed civil proceedings pending resolution of parallel criminal proceedings when special circumstances so require in the interests of justice. *United States v. Kordel*, 397 U.S. 1, 11 n. 27 (1970). A "court may deny a stay so long as invocation [of the privilege against compulsory self-incrimination] does not compel an adverse judgment against the claimant." *United States v. Lot 5, Fox Grove, Alachua Cnty., Fla.*, 23 F.3d 359, 364 (11th Cir. 1994); *S.E.C. v. Wright*, 261 F. App'x 259, 263 (11th Cir. 2008).

District courts within the Eleventh Circuit have considered the following factors in determining whether the interests of justice require a stay: (1) the extent to which the defendant's Fifth Amendment rights are implicated; (2) the interest of the plaintiff in proceeding expeditiously with this litigation and the potential prejudice to the plaintiff from delay; (3) the burden any particular aspect of the proceedings may impose on the defendant; (4) the efficient use of judicial resources; (5) the interests of persons not parties to the civil litigation; (6) the interests of the public in the pending civil and criminal litigation; and (7) the extent the issues in

the civil and criminal cases overlap and the status of the criminal case. *See Dean v. Douglas*, No. 5:12-cv-120 (CAR), 2012 WL 6151137, at *3 (M.D. Ga. Dec. 11, 2012); *Doe 1 v. City of Demopolis*, No. 09-0329-WS-N, 2009 WL 2059311, at *3 (S.D. Ala. July 10, 2009); *Love v. City of Lannett*, No. 3:09-cv-622-MEF, 2009 WL 2525371, at *1-2 (M.D. Ala. Aug. 17, 2009).

The Court finds that in the interest of justice a stay is warranted here. This cause substantially (if not entirely) overlaps with the criminal investigation being conducted by the Miami-Dade Police Department and State Attorney's Office. The civil actions and the criminal investigation all center on the actions of the Defendants on February 27, 2014 while they were pursuing Maykel Barrera. Moreover, both parties would be prejudiced by allowing this case to proceed where evidence from the subject incident, at this point in time, appear to be protected from disclosure to *either* Plaintiff or Defendants. Lastly, the Court finds that Defendants' Fifth Amendment rights are plainly implicated here. If these cases were allowed to proceed, Defendants may choose to assert their Fifth Amendment rights, which may lead to an adverse judgment against Defendants. In the alternative, if Defendants participated fully in discovery, it could cause irreparable harm and prejudice to Defendants in the criminal investigation. Therefore, the Court finds that the interests of justice warrant a stay of these cases. Accordingly, it is

ORDERED AND ADJUDGED as follows:

(1) The Motion, D.E. 5, is GRANTED.

(2) This Cause is HEREBY STAYED pending further order of the Court.

(3) The parties must file joint status reports every sixty (60) days, at a minimum, to advise the Court if the investigation conducted by the Miami-Dade Police Department and State Attorney's Office has concluded. These reports must advise the Court of the status of the investigations being conducted by the Miami-Dade Police Department and the State Attorney's Office.

(4) The Clerk of Court SHALL ADMINISTRATIVELY CLOSE this Cause, pending further order of the Court.

DONE AND ORDERED in Chambers at Miami, Florida, this _11th_ day of August, 2016.

*Ursula Ungaro*
URSULA UNGARO
UNITED STATES DISTRICT JUDGE

copies provided: counsel of record