UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 16-23241-CIV-CANNON/OTAZO-REYES

MARIA DEL CARMEN MONTEFU ACOSTA,

    Plaintiff,

v.

MIAMI-DADE COUNTY, *et al.*,

    Defendants.

_____/

## REPORT AND RECOMMENDATION

THIS CAUSE came before the Court upon Defendants Miami-Dade Police Department Officers Lawrence Ballesteros, Jorge Ferrer, Cynthia Mead, Giovanni Rodriguez, Enrique Noriega, and Miguel Maldonado's (together, "Defendants") Motion for Sanctions and Attorney's Fees and Costs Pursuant to Fed. R. Civ. P. 11 and Florida Statute § 57.105 (hereafter, "First Motion for Sanctions") [D.E. 80]; and Defendants' Second Motion for Sanctions and Attorney's Fees and Costs Pursuant to Fed. R. Civ. P. 11 and Florida Statute § 57.105 (hereafter, "Second Motion for Sanctions") [D.E. 105].  These matters were referred to the undersigned pursuant to 28 U.S.C. § 636 by the Honorable Aileen M. Cannon, United States District Judge [D.E. 90, 107].  The undersigned held an evidentiary hearing on these matters on August 4, 2021 (hereafter, "Evidentiary Hearing") [D.E. 119].  For the reasons stated below, the undersigned respectfully recommends that Defendants' First Motion for Sanctions and Second Motion for Sanctions be DENIED.

## **PROCEDURAL BACKGROUND**

On February 26, 2016, Plaintiff Maria Del Carmen Montefu Acosta ("Plaintiff") commenced this action in the Circuit Court of the Eleventh Judicial Circuit for Miami-Dade County, Florida as personal representative of the Estate of her son Maykel Antonio Barrera ("Barrera"). See Compl. [D.E. 1-2 at 11-36]. On July 28, 2016, the case was removed pursuant to 28 U.S.C. §§ 1331, 1367 and 1441(a) and (b). See Notice of Removal [D.E. 1 at 2].

After the Court's rulings on Motions to Dismiss [D.E. 37, 97], the following claims are still pending against Defendants: claims pursuant to 28 U.S.C. § 1983 alleging the use of excessive force against Barrera resulting in injuries and subsequent death, and deprivation of his rights under the Fourth and Fourteenth Amendments of the United States Constitution; and a wrongful death claim. See Compl. [D.E. 1-2 at 20-28 & 35-36].

In her Complaint, Plaintiff specifically alleges that:

- On February 27, 2014, she called 911 requesting assistance because Barrera was acting erratically. Id. at 17.

- When police officers arrived at Plaintiff and Barrera's home, Barrera opened the door, became agitated and frightened, and unsuccessfully tried to close the door on the police officers. Id. Barrera then fled from the police officers through the back door. Id.

- Once outside, more police officers joined the chase and attempted to taser Barrera. Id. at 17-18. A block away from the house, Barrera was captured by the police who tasered and beat him. Id. at 18. Eventually, Barrera was handcuffed and placed in the back of a police car. Id. at 19.

- While in the back of the police car, Barrera stopped breathing and required resuscitation. Id. Barrera was then transferred to the hospital where "on February 29, 2014, [Barrera]

died from the injuries sustained in the beating." Id.

In their First Motion for Sanctions, Defendants argue that, "now that discovery is completed, it is clear that all claims are frivolous: Plaintiff lacks *any* evidentiary basis to support her claims and . . . has failed to produce any evidence on . . . Barrera's cause of death." See First Motion for Sanctions [D.E. 80 at 1-2] (emphasis in original). Defendants further argue that Plaintiff cannot prove causation because she has failed to produce an expert who would opine that Barrera died from a beating and tasering. Id. at 2.

In their Second Motion for Sanctions, Defendants argue that Plaintiff has misrepresented herself as the personal representative of Barrera's Estate for over 5 ½ years when, in fact, no estate has ever been opened, and that Plaintiff's counsel failed to confirm the existence of an estate or to cure Plaintiff's lack of standing. See Second Motion for Sanctions [D.E. 105 at 1-2].

Based on these contentions, Defendants seek sanctions pursuant to Federal Rule of Civil Procedure 11 ("Rule 11") and Florida Statute § 57.105 ("Section 57.105") against both Plaintiff and Plaintiff's counsel, in the form of dismissal with prejudice plus attorney's fees and costs. See First Motion for Sanctions [D.E. 80 at 1]; Second Motion for Sanctions [D.E. 105 at 1].

## APPLICABLE LAW

### A. Sanctions pursuant to Rule 11

Rule 11 provides, in pertinent part:

**(b) Representations to the Court.** By presenting to the court a pleading, written motion, or other paper--whether by signing, filing, submitting, or later advocating it--an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:

> **(1)** it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
>
> **(2)** the claims, defenses, and other legal contentions are warranted by

3

> existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
>
> **(3)** the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
>
> **(4)** the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.
>
> **(c) Sanctions.**
>
> **(1)** *In General.* If, after notice and a reasonable opportunity to respond, the court determines that Rule 11(b) has been violated, the court may impose an appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible for the violation. Absent exceptional circumstances, a law firm must be held jointly responsible for a violation committed by its partner, associate, or employee.
>
> **(2)** *Motion for Sanctions.* A motion for sanctions must be made separately from any other motion and must describe the specific conduct that allegedly violates Rule 11(b). The motion must be served under Rule 5, but it must not be filed or be presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service or within another time the court sets. If warranted, the court may award to the prevailing party the reasonable expenses, including attorney's fees, incurred for the motion.

Fed. R. Civ. P. 11. "Rule 11 sanctions are appropriate if the filing was unreasonable under the circumstances existing at the time of filing." Thomas v. Evans, 880 F.2d 1235, 1240 (11th Cir. 1989). "The objective standard for testing conduct under Rule 11 is 'reasonableness under the circumstances' and 'what was reasonable to believe at the time' the pleading was submitted." Baker v. Alderman, 158 F.3d 516, 524 (11th Cir. 1998) (citations omitted). The Eleventh Circuit "requires a two-step inquiry as to (1) whether the party's claims are objectively frivolous; and (2) whether the person who signed the pleadings should have been aware that they were frivolous." Id. (citing Worldwide Primates, Inc. v. McGreal, 87 F.3d 1252, 1254 (11th Cir. 1996)).

Rule 11 sanctions are warranted when a party files a pleading that: "(1) has no reasonable

factual basis; (2) is based on a legal theory that has no reasonable chance of success and that cannot be advanced as a reasonable argument to change existing law; and (3) is filed in bad faith for an improper purpose." Baker, 158 F.3d at 524.  "Although sanctions are warranted when the claimant exhibits a 'deliberate indifference to obvious facts,' they are not warranted when the claimant's evidence is merely weak but appears sufficient, after a reasonable inquiry, to support a claim under existing law." Id. (quoting Davis v. Carl, 906 F.2d 533, 537 (11th Cir. 1990) (Sanctions may be imposed if the evidence was "patently frivolous", but sanctions are not warranted if the claim was brought as a result of "poor judgement".)).

"Sanctions against a represented party are warranted when the party knew or should have known that the allegations contained in the complaint were frivolous.  Generally, sanctions against a client are appropriate only when the client misrepresents facts in the pleadings." In re BankAtlantic Bancorp, Inc. Sec. Litig., 851 F. Supp. 2d 1299, 1322 (S.D. Fla. 2011), aff'd sub nom. Hubbard v. BankAtlantic Bancorp, Inc., 503 F. App'x 677 (11th Cir. 2012) (citing Worldwide Primates, Inc., 87 F.3d at 1322).  "A client may also be subject to sanctions when it is clear that he is the mastermind behind a frivolous case." Id.

"In filing a pleading in a federal court, an attorney certifies that he or she has conducted a reasonable inquiry and that the pleading is well-grounded in fact, legally tenable, and 'is not presented for any improper purpose.'" Baker, 158 F.3d at 524 (quoting Fed. R. Civ. P. 11).  Thus, under Rule 11, an attorney is required to make some prefiling inquiry. Worldwide Primates, Inc., 87 F.3d at 1254 (citing Mike Ousley Prods., Inc. v. WJBF-TV, 952 F.2d 380, 382 (11th Cir. 1992)). In the Eleventh Circuit, "a court confronted with a motion for Rule 11 sanctions first determines whether the party's claims are objectively frivolous . . . and then, if they are, whether the person who signed the pleadings should have been aware that they were frivolous; that is, whether he

5

would have been aware had he made a reasonable inquiry." Id. "If the attorney failed to make a reasonable inquiry, then the court must impose sanctions despite the attorney's good faith belief that the claims were sound." Id. (citing Jones v. Int'l Riding Helmets, Ltd., 49 F.3d 692, 695 (11th Cir. 1995)). However, the reasonableness of the inquiry may depend on factors such as whether the attorney "depended on forwarding counsel or another member of the bar." Id. (citing Ousley Prods., Inc., 952 F.2d at 382).

"Where, as here, a case is removed from state court, Rule 11 does not apply to pleadings filed before removal. The rule, however, is applicable to papers filed in federal court after removal. Thus, although [plaintiff's] complaint, which was filed in state court, cannot be the basis of a Rule 11 violation, any subsequent federal court filings, such as those in opposition to a motion to dismiss, are sanctionable if they resulted in the continuation of a baseless lawsuit." Worldwide Primates, Inc., 26 F.3d at 1091 (internal citations omitted).

### B. Sanctions pursuant to Section 57.105

Florida Statute § 57.105 provides, in pertinent part:

(1) Upon the court's initiative or motion of any party, the court shall award a reasonable attorney's fee...to be paid to the prevailing party in equal amounts by the losing party and the losing party's attorney on any claim or defense at any time during a civil proceeding or action in which the court finds that the losing party or the losing party's attorney knew or should have known that a claim or defense when initially presented to the court or at any time before trial:

    (a) Was not supported by the material facts necessary to establish the claim or defense; or

    (b) Would not be supported by the application of then-existing law to those material facts.

Fla. Stat. § 57.105. "Attorney's fees awarded under § 57.105 are analogous to sanctions imposed under Rule 11. The two have the same goal—to discourage baseless filings." Collier Cty. v. Holiday CVS, L.L.C., No. 2:17-CV-14-FTM-38CM, 2017 WL 1378548, at *1 (M.D. Fla. Apr. 11,

2017). "Attorney's fees are awarded under section 57.105 . . . where there is a total or absolute lack of justiciable issues of either law or fact, this being tantamount to a finding that the action is frivolous or completely untenable." Vasquez v. Provincial S., Inc., 795 So. 2d 216, 218 (Fla. 4th DCA 2001) (quoting Weatherby Assocs., Inc. v. Ballack, 783 So.2d 1138, 1141 (Fla. 4th DCA 2001)). "An award of attorney's fees is not appropriate as long as the complaint alleges some justiciable issue." Id.

## EVIDENCE

The following documents were admitted at the Evidentiary Hearing: Plaintiff's Exhibits 1-18; and Defendants' Exhibits 1-11 [D.E. 119].

Jennifer Ann Cates ("Ms. Cates"), Division Director of the Family Courts Division for Miami-Dade Clerk of Court ("Family Court Division") testified at the Evidentiary Hearing. Id. Ms. Cates reliably testified as follows:

1. As director of the Family Court Division, Ms. Cates oversees the Probate Division and is able to access court filings and the probate court docket.

2. Ms. Cates was able to verify whether filings were submitted on behalf of Plaintiff in the Probate Division.

3. Ms. Cates verified that, as of the morning of the Evidentiary Hearing, Plaintiff had not been appointed personal representative of Barrera's Estate.

4. In February 2016, when the Complaint was filed, Plaintiff had not been appointed personal representative of Barrera's Estate, as an estate for Barrera did not exist at that time.

5. Ms. Cates explained that, typically, a probate case is initiated with a civil cover sheet and a petition, and that the petition motions the court for a number of things, such as to appoint a personal representative. At the time of the Evidentiary Hearing, Plaintiff had filed a

petition, but a judge had not entered an order or accepted the petition.

6.     Plaintiff's petition was filed on July 16, 2021 through the Court's e-portal. While all documents required to open an estate had been filed, an estate had not been created on behalf of Barrera, and Plaintiff had not been appointed personal representative.

7.     Once a petition has been filed through the Court's e-portal, the portal will generate a case number for the paperwork. However, the filings do not become a case with respect to Plaintiff being able to act as a personal representative until a judge has signed an order.

8.     On cross examination, Ms. Cates acknowledged that once the judge signs an order appointing Plaintiff as the personal representative, Plaintiff will have all the rights to do what is necessary on behalf of Barrera's Estate.

### **FIRST MOTION FOR SANCTIONS**

As previously noted, Defendants seek Rule 11 and Section 57.105 sanctions against Plaintiff and Plaintiff's counsel on the grounds that Plaintiff has no evidentiary basis to support her claims that Barrera died from beating and tasering by Defendants, and not from cocaine and flakka toxicity as the Medical Examiner certified. See First Motion for Sanctions [D.E. 80 at 1-2]; Medical Examiner's Report, Def.'s Ex. 1 [D.E. 80-1]. Specifically, Defendants argue that, because Plaintiff has not produced a pathologist or medical examiner who would opine that Barrera's death was caused by beating and tasering, Plaintiff should have discontinued her claims once the deadline for expert reports had passed. See First Motion for Sanctions [D.E. 80 at 2]. Defendants further argue that Plaintiff showed deliberate indifference to the facts by continuing to pursue this case. Id.

Plaintiff counters that Rule 11 sanctions are improper because there is sufficient evidence to support the validity of her causes of action against Defendants, despite the lack of expert report

8

from a medical examiner or pathologist, given that she produced the expert report of forensic toxicologist Teri Stockham, M.S.F.S., Ph.D. ("Dr. Stockham"), who opined that the outside laboratory that preformed the toxicology testing used improper methodology, and that Barrera did not die from drug toxicity. See Plaintiff's Response to Defendant's Motion for Sanctions (hereafter, "Response to First Motion for Sanctions") [D.E. 103 at 6-8]. Although Dr. Stockham acknowledged that toxicologists do not offer opinions on cause or manner of death, Plaintiff argues that Dr. Stockham may still render an opinion as to whether drugs caused Barrera's death, "just as the outside toxicologist and pharmacologist rendered opinions to the [medical examiner] in this case . . . ." Id. at 7. Plaintiff also argues that the Miami-Dade Medical Examiner was provided multiple opinions as to the cause of death, including: (1) the Miami-Dade Fire Rescue EMS report that noted Barrera suffered cardiac arrest due to electrocution by tasers; (2) the Jackson Memorial Trauma Center report from treating physician Dr. Edward Lineen indicating that Barrera died of multiple injuries, anoxic injury, and a subdural hematoma; and (3) the pharmacologist report indicating that Barrera died of excited delirium. Id. at 6-8. Plaintiff further notes that the Miami-Dade Medical Examiner's report showed that Barrera had significant evidence of trauma to the body. Id. at 6. Furthermore, Plaintiff argues that several independent witnesses who observed the entire event will testify at trial about the alleged beating and tasering of Barrera. Id. at 6-7. According to Plaintiff, the facts are such that a jury could conclude on a different cause of death than the Miami-Dade Medical Examiner's determination. Id. at 17. Therefore, Plaintiff contends that Rule 11 sanctions are improper because she did not bring frivolous claims against Defendants, where there is no factual basis. Id.

Initially, the undersigned notes that "Rule 11 sanctions are appropriate if the filing was unreasonable under the circumstances existing *at the time of filing*." Thomas, 880 F.2d at 1240

(emphasis added). Defendants do not argue that the Complaint was unreasonable at the time of filing. Rather, they argue that Plaintiff should be sanctioned for failing to dismiss her claims after the close of discovery and expert disclosures because she cannot prove that Defendants caused Barrera's death. See First Motion for Sanctions [D.E. 80 at 12]. However, the Eleventh Circuit has determined that "Rule 11 did not impose a continuing obligation on the [party] to amend its complaint, at least if the complaint was reasonably interposed in the first place." Corp. of the Presiding Bishop of the Church of Jesus Christ of Latter-Day Saints v. Associated Contractors, Inc., 877 F.2d 938, 942 (11th Cir. 1989).[1]

Second, Plaintiff has proffered Dr. Stockham's expert report to challenge the Miami-Dade Medical Examiner's certification and has pointed to expected witness evidence to support her claims. "Under Rule 11, a claim is factually frivolous only when it is supported by no evidence or only by 'patently frivolous' evidence." In re BankAtlantic Bancorp, Inc. Sec. Litig., 851 F. Supp. 2d 1299, 1317 (S.D. Fla. 2011), aff'd sub nom. Hubbard v. BankAtlantic Bancorp, Inc., 503 F. App'x 677 (11th Cir. 2012). Here, there is evidence in the form of an expert report and anticipated witness testimony that is not patently frivolous and supports Plaintiff's claims.

For these reasons, Rule 11 sanctions against Plaintiff or Plaintiff's counsel for continuing to pursue the case after the close of expert discovery are not warranted. See Baker, 158 F.3d at 524 (quoting Davis, 906 F.2d at 537) ("[Sanctions] are not warranted when the claimant's evidence is merely weak but appears sufficient, after a reasonable inquiry, to support a claim under existing law.").

---

[1] As noted by the Associated Contractors court, "Collins v. Walden, 834 F.2d 961 (11th Cir.1987), is not to the contrary, despite a comment in *dicta*. See id. at 965 ('When it becomes apparent that discoverable evidence will not bear out the claim, the litigant and his attorney have a duty to discontinue their quest.'). In Collins, the court upheld an award of Rule 11 fees against attorneys who after reasonable inquiry should not have signed the complaint." Associated Contractors, 877 F.2d at 942 n.7.

For the same reasons, Plaintiff's claims are not so baseless as to warrant sanctions under Section 57.105. See Vasquez, 795 So. 2d at 218 ("Attorney's fees are awarded under section 57.105 . . . where there is a total or absolute lack of justiciable issues of either law or fact, this being tantamount to a finding that the action is frivolous or completely untenable.").

Therefore, the undersigned concludes that Defendants' First Motion for Sanctions should be denied.

## SECOND MOTION FOR SANCTIONS

As noted above, Defendants also seek Rule 11 and Section 57.105 sanctions against Plaintiff and Plaintiff's counsel on the grounds that Plaintiff has misrepresented herself as the personal representative of Barrera's Estate for over 5 ½ years when, in fact, she is not the personal representative of Barrera's Estate and an estate has never been opened. See Second Motion for Sanctions [D.E. 105 at 1-2]. Defendants argue that Plaintiff and her counsel have a duty to certify the accuracy of court submissions and have failed to do so, and that Plaintiff's counsel failed to either confirm the existence of an estate or to cure Plaintiff's lack of standing once it was raised in Defendants' Motion for Summary Judgment [D.E. 70]. Id. at 2. Defendants further argue that Plaintiff proceeding with her claims absent standing to do so amounts to bad faith. Id. at 9; see also Tennyson v. ASCAP, 477 F. App'x 608, 610 (11th Cir. 2012) ("Under Florida law the only party who has the capacity to sue on behalf of an estate is the duly appointed legal representative of the estate.")

In her Response to Defendant's Second Motion for Sanctions (hereafter, "Response to Second Motion for Sanctions"), Plaintiff contends that she believed in good faith that an estate had been opened by her previous counsel and that she was the personal representative; and that she was unaware that an estate had not been opened prior to the filing of Defendants' Motion for

Summary Judgment.  See Response to Second Motion for Sanctions [D.E. 108 at 2].  In support of her contention, Plaintiff submitted her affidavit, in which she avers that: she had hired two previous law firms, Roy Kahn and Kelley Uustal, to represent her; her previous counsel had given her forms to execute to open an estate; she was advised by her former counsel that an estate was opened; she was provided documents by her previous counsel which indicated to her that she was the personal representative; when she was advised by her current counsel of Defendants' claim that no estate had been opened, she hired an attorney, Christopher P. Kelly ("Mr. Kelly"), to investigate whether the estate had been inadvertently closed; and when Mr. Kelly informed her that an estate had never been opened, Plaintiff hired him to open an estate.  See Affidavit of Maria Del Carmen Montefu [D.E. 108-2 at 1].  Plaintiff also submitted the following documents: (1) a letter dated June 9, 2013 from the law firm Kelly Uustal, in which Plaintiff's daughter, Venus Mercedes Barrera, is listed as the personal representative of Barrera's Estate; and (2) an Authorization for Release of Medical Information from the law firm of Roy Kahn that lists Plaintiff as the personal representative of Barrera's Estate.  See Letter and Authorization [D.E. 108-1].

At the Evidentiary Hearing, Ms. Cates testified that the necessary paperwork to open an estate had been filed on July 16, 2021 through the court's e-portal, but that an estate had not yet been opened.  Plaintiff argues that, although an estate had not been opened at time of the filing of the lawsuit, that failure is not fatally defective, and the Court should permit the case to proceed in light of Plaintiff's recent efforts to open an estate.  See Response to Second Motion for Sanctions [D.E. 108 at 7].  Plaintiff relies on Lindor v. Fla. E. Coast Ry., LLC, 255 So. 3d 490 (Fla. 3rd DCA 2018), where the plaintiffs filed a wrongful death complaint before a petition for administration of the estate had been filed.  After two and a half years, it was discovered that no estate had been opened.  Id. at 491.  The trial court dismissed the action because the estate had not been opened at

the time of the filing of the complaint; however, the Third District Court of Appeal reversed, finding that, upon the plaintiff being named as the personal representative, the status related back to the original filing of the complaint. Id. The Lindor court discussed four factors to be considered in determining whether to permit a substitution of plaintiff and whether such substitution should relate back: (1) whether the action gave defendants fair notice of the claim and underlying allegations; (2) whether there was an identity of interest between the original and substituted plaintiff; (3) whether the amendment caused any prejudice to the defendants; and (4) whether the amendment would create a "new" cause of action. Id. at 492 (citing Est. of Eisen v. Philip Morris USA, Inc., 126 So. 3d 323, 330 (Fla. 3rd DCA 2013)). Plaintiff also cites to Griffin v. Workman, 73 So. 2d 844 (Fla. 1954), where the Florida Supreme Court concluded that the filing of an action for wrongful death by one who was purported to be, but had not yet been appointed, a personal representative was not a nullity. Instead, once that individual was properly named personal representative, his status related back to the date of the original filing of the complaint. Id. at 847.

As to Defendants' request for the imposition of sanctions against her, Plaintiff argues that she proceeded in good faith in the filing of the lawsuit because she was advised by two law firms that an estate had been opened. See Response to Second Motion for Sanctions [D.E. 108 at 10]. Plaintiff further argues that the Lindor test is met here because: the Complaint gave Defendants fair notice of the claims; Defendants have not been prejudiced; Plaintiff, as Barrera's mother, is the proper personal representative and is the same party; and the case should continue upon the opening of the estate. Id.

The imposition of Rule 11 sanctions on Plaintiff would require a finding that she "actively or knowingly misrepresented facts in the pleadings" or that she "knowingly participated in pursuing any legally frivolous claim." See In re BankAtlantic Bancorp, Inc. Sec. Litig., 851 F.

Supp. 2d at 1323.  Given Plaintiff's reliance on her previous counsel's advice that an estate had been opened, sanctions against Plaintiff are not appropriate pursuant to Rule 11.

With regard to Defendants' request for the imposition of sanctions against Plaintiff's counsel, he had a duty do conduct a reasonable inquiry under Rule 11 and to independently verify whether an estate had been opened and whether Plaintiff had standing to sue.  Worldwide Primates, Inc., 87 F.3d at 1254 ("If the attorney failed to make a reasonable inquiry, then the court must impose sanctions despite the attorney's good faith belief that the claims were sound.") (citing Int'l Riding Helmets, Ltd., 49 F.3d at 695).  However, what constitutes a reasonable inquiry depends on factors such as "whether [the attorney] depended on forwarding counsel or another member of the bar."  Id. (citing Ousley Prods., Inc., 952 F.2d at 382).  Here, correspondence from Plaintiff's two previous law firms suggested that an estate had been opened.  Thus, Plaintiff's counsel's reliance on his client's prior counsels' representations precludes the imposition of Rule 11 sanctions.  See Worldwide Primates, Inc., 87 F.3d at 1254; see also Cooter & Gell v. Hartmarx Corp., 496 U.S. 384, 384, 110 S. Ct. 2447, 2449, 110 L. Ed. 2d 359 (1990) (Rule 11's purpose is to deter baseless filings.).

"Attorney's fees are awarded under section 57.105 . . . where there is a total or absolute lack of justiciable issues of either law or fact, this being tantamount to a finding that the action is frivolous or completely untenable."  Vasquez, 795 So. 2d at 218.  Further, as to Plaintiff's counsel "the touchstone is whether the lawyer acted in 'good faith.'  And a good faith standard is not a simple negligence standard; good faith focuses on honesty, sincerity, and a lack of recklessness."  Schwartz v. Millon Air, Inc., 341 F.3d 1220, 1227 (11th Cir. 2003).

Here, Plaintiff has made a plausible argument that she meets the Lindor test and that the case should continue upon the opening of the estate; which renders her action not completely

untenable. Moreover, there is no basis for a finding that Plaintiff's counsel did not act in good faith, given his reliance on prior counsel's representations. Therefore, sanctions against Plaintiff and her counsel are also not appropriate pursuant to Section 57.105.

Therefore, the undersigned concludes that Defendants' Second Motion for Sanctions should be denied.

## RECOMMENDATION

Based on the foregoing considerations, the undersigned RESPECTFULLY RECOMMENDS that Defendants' First Motion for Sanctions and Second Motion for Sanctions be DENIED.

Pursuant to Local Magistrate Judge Rule 4(b), the parties have **fourteen days** from the date of this Report and Recommendation to file written objections, if any, with the Honorable Aileen M. Cannon. Failure to timely file objections shall bar the parties from attacking on appeal the factual findings contained herein. See Resolution Tr. Corp. v. Hallmark Builders, Inc., 996 F.2d 1144, 1149 (11th Cir. 1993). Further, "failure to object in accordance with the provisions of [28 U.S.C.] § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." See 11th Cir. R. 3-1 (I.O.P. - 3).

RESPECTFULLY SUBMITTED in Chambers at Miami, Florida this 21st day of October, 2021.

_____
ALICIA M. OTAZO-REYES
UNITED STATES MAGISTRATE JUDGE

cc:   United States District Aileen M. Cannon
      Counsel of Record