UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 16-23241-CIV-CANNON/Otazo-Reyes

**MARIA DEL CARMEN MONTEFU ACOSTA**,

    Plaintiff,

v.

**MIAMI DADE COUNTY et al**,

    Defendants.

_____/

## ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

**THIS CAUSE** comes before the Court upon Magistrate Judge Alicia M. Otazo-Reyes' Report and Recommendation ("Report") [ECF No. 121]. In the Report, Judge Otazo-Reyes recommends that both of Defendants' Motions for Sanctions be denied [ECF No. 121]. Defendants filed their first motion for sanctions on May 29, 2021 ("First Motion for Sanctions") [ECF No. 80 ("Defendants' Motion for Sanctions and Attorney's Fees and Costs Pursuant to Fed. R. Civ. P. 11 and Florida Statute § 57.105")]. Defendants filed their second motion for sanctions on June 28, 2021 ("Second Motion for Sanctions") [ECF No. 105 "Defendants' Second Motion for Sanctions and Attorney's Fees and Costs Pursuant to Fed. R. Civ. P. 11 and Florida Statute § 57.105"]. In both motions, Defendants seek sanctions against Plaintiff and Plaintiff's counsel, including dismissal of Plaintiff's claims and an award of attorneys' fees and costs [ECF No. 80 p. 1; ECF No. 105 p. 1].

On November 12, 2021, Defendants timely filed their Objection to Magistrate Judge's Report and Recommendation ("Objection") [ECF No. 126]. The Court has conducted a *de novo* review of the Report, Defendants' Objection, the full record in this case, and is otherwise fully

CASE NO. 16-23241-CIV-CANNON/Otazo-Reyes

advised. Upon full review, the Court agrees with the Report that no sanctions are warranted and hereby **ACCEPTS** the Report to the extent it recommends that no sanctions are warranted.

### A. Defendants' First Motion for Sanctions

Defendants assert in their First Motion for Sanctions that Plaintiff failed to identify or produce any evidence that Plaintiff's son, Maykel Barrera ("Barrera"), died because of a taser or a beating [ECF No. 80, pp. 12–16]. Defendants note that Plaintiff's only expert witness, Dr. Terri Stockham, a toxicologist, testified that she cannot offer an opinion on the cause of Barrera' death, because "[toxicologists] do not offer opinions on cause or manner of death" [ECF No. 80, p. 9; *see* Stockham deposition, ECF No. 80-2, p. 12:9–12]. Consequently, Defendants argue that because Plaintiff was unable to prove an essential element of her claims for wrongful death, she "had an affirmative duty to dismiss this case" [ECF No. 80, p. 16].

In the Report, Judge Otazo-Reyes finds that, although Dr. Stockham acknowledged that she could not offer an opinion on Barrera's cause of death, Plaintiff's reliance on Dr. Stockham's general opinion as to whether drugs caused Barrera's death was not "patently frivolous" and "supports Plaintiff's claims" [ECF No. 121, p. 10]. On this basis, the Report recommends that Defendants' First Motion for Sanctions be denied.

Defendants object to the Report, arguing that Judge Otazo-Reyes incorrectly credits Dr. Stockham's report as sufficient evidence of causation that Mr. Barrera died from a beating or Tasering [ECF No. 126, p. 3]. Defendants reiterate their argument that Dr. Stockham is not qualified to offer an opinion as to the cause of Barrera's death and argue that any finding regarding the sufficiency of Dr. Stockham's testimony is premature until the Court rules on Defendants' *Daubert* motion to exclude Dr. Stockham's testimony [ECF No. 126, p. 3; *see Daubert* Motion, ECF No. 68].

CASE NO. 16-23241-CIV-CANNON/Otazo-Reyes

Upon review of the record in the case, the Court agrees with the conclusion in the Report that sanctions against Plaintiff are not warranted. "[T]he imposition of a Rule 11 sanction is not a judgment on the merits of an action. Rather, it requires the determination of a collateral issue: whether the attorney has abused the judicial process, and, if so, what sanction would be appropriate." *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 396 (1990). "A court considering a motion for sanctions must determine whether a party's claims or assertions are objectively frivolous in fact or law, and, if they are, determine whether the person who signed the pleading should have been aware of the frivolity." *Lawson v. Sec'y, Dep't of Corr.*, 563 F. App'x 678, 680 (11th Cir. 2014).

Legal claims are frivolous when "no reasonably competent attorney could conclude that it has any reasonable chance of success." *Thompson v. RelationServe Media, Inc.*, 610 F.3d 628, 665 (11th Cir. 2010) (citation and internal quotation marks omitted). And, pursuant to Florida law, "[a]ttorney's fees are awarded under section 57.105(1), Florida Statutes, where there is a total or absolute lack of justiciable issues of either law or fact." *Weatherby Assocs., Inc. v. Ballack*, 783 So. 2d 1138, 1141 (Fla. Dist. Ct. App. 2001); *see* Fla. Stat. § 57.105(1).

Here, the Court does not find that Plaintiff's reliance on Dr. Stockham's opinion is patently frivolous sufficient to warrant sanctions under either Rule 11 or Fla. Stat. § 57.105. Plaintiff has put forward what she considers to be at least some evidence of causation in support of her claim under Florida's Wrongful Death Act. Although the Court now has granted summary judgment in favor of Defendants because no genuine issue of material fact exists on causation [ECF No. 129], Plaintiff's reliance on Dr. Stockham's opinion in an attempt to show causation does not rise to the level of patent frivolity sufficient to warrant the imposition of sanctions. Accordingly, Defendants' First Motion for Sanctions is **DENIED**.

### B. Defendants' Second Motion for Sanctions

Defendants argue that sanctions against Plaintiff and Plaintiff's counsel are warranted for an additional reason: that Plaintiff did not initiate probate proceedings to open an estate on Barrera's behalf until July 2021—nearly five years after she initiated suit [ECF No. 105; ECF No. 126, p. 5]. According to Defendants, Plaintiff essentially misrepresented herself as the personal representative of Barrera's estate for multiple years, and Plaintiff's counsel did nothing to investigate whether an estate had been opened or if Plaintiff had been appointed as personal representative [ECF No. 105, p. 5].

Judge Otazo-Reyes conducted an evidentiary hearing on this matter on August 4, 2021, during which Plaintiff submitted into evidence documents filed in Miami-Dade Probate Court to become the personal representative of Barrera's estate [ECF No. 114-1]. During the evidentiary hearing, a representative from the Probate Court testified that "once the judge signs an order appointing Plaintiff as the personal representative, Plaintiff will have all the rights to do what is necessary on behalf of Barrera's Estate" [ECF No. 121, p. 8]. Defendants do not currently dispute that Plaintiff has filed the appropriate paperwork in Probate Court and has since been appointed as personal representative of Barrera's estate.

The Report finds that, although Plaintiff's counsel had a duty to make a reasonable inquiry into whether an estate had been opened, both Plaintiff and her counsel relied in good faith on the representations from Plaintiff's former counsel that an estate for Barrera had been opened and that Plaintiff has been named personal representative of the estate [ECF No. 121, p. 14]. Accordingly, the Report recommends that no sanctions are warranted [ECF No. 121, p. 14].

Defendants dispute the notion of good-faith reliance by Plaintiff's counsel, arguing that Plaintiff's counsel did nothing to corroborate the existence of the estate until the Second Motion for Sanctions was filed, and only then filled out the correct paperwork [ECF No. 126, p. 5].

CASE NO. 16-23241-CIV-CANNON/Otazo-Reyes

The Court agrees with the Report on this point too that sanctions against Plaintiff's counsel are not warranted for the failure to open an estate. Under Federal Rule of Civil Procedure 11, if an attorney failed to make a reasonable inquiry into a Plaintiff's claims, "then the court must impose sanctions despite the attorney's good faith belief that the claims were sound." *Worldwide Primates, Inc. v. McGreal*, 87 F.3d 1252, 1254 (11th Cir. 1996). However, part of the reasonableness inquiry is whether an attorney "depended on forwarding counsel or another member of the bar." *Id*. at 1254 (quoting *Mike Ousley Prods., Inc. v. WJBF-TV*, 952 F.2d 380, 382 (11th Cir. 1992). As the Report notes, there is no evidence that Plaintiff's counsel acted in bad faith in this matter but instead reasonably relied on the representations from Plaintiff's former counsel that an estate had been opened [ECF No. 121, p. 15]. Further, Plaintiff has indicated that she has filed the correct paperwork in probate court and will now be legally authorized to represent Barrera's estate [*see* ECF No. 114-1 (Petition for Administration)]. On this basis, the Court will deny Defendants' Second Motion for Sanctions.

Accordingly, it is **ORDERED and ADJUDGED** as follows:

1. The Report [ECF No. 121] is **ACCEPTED**.

2. Defendants' First Motion for Sanctions [ECF No. 80] is **DENIED**.

3. Defendants' Second Motion for Sanctions [ECF No. 105] is **DENIED**.

**DONE AND ORDERED** in Chambers at Fort Pierce, Florida this 22nd day of November 2021.

_____
AILEEN M. CANNON
UNITED STATES DISTRICT JUDGE

cc:     counsel of record