UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 16-23241-CIV-AMC

MARIA DEL CARMEN MONTEFU ACOSTA,
as Personal Representative of the Estate of
MAYKEL ANTONIO BARRERA, deceased,

      Plaintiff,

v.

MIAMI-DADE COUNTY, *et al.*,

      Defendants.

_____/

## PLAINTIFF'S REPLY TO DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR RECONSIDERATION (D.E. 142)

COMES NOW, the Plaintiff by and through undersigned counsel, and files this reply to Defendants Response (D.E. 142) and in support of Plaintiff's Motion for Reconsideration (D.E.132) and Reconsideration of the Order of Final Judgement (D.E.131), based upon its Order granting Defendants' Motion for Summary Judgment (D.E. 129), and would show this Court as follows:

Defendants' response fails to address the fundamental issue before this Court: whether this Court, in granting the motion for summary judgment, weighed the evidence, made credibility determinations, drew inferences from the evidence, and relied upon inadmissible hearsay. Any or all of these actions require the setting aside of the Order granting the summary judgment.

A Court may reconsider a prior ruling when there is need to correct clear error or manifest injustice. In re Horizon Organic Milk Plus DHA Omega-3 Marketing and Sales Practice Litigation 2014-US Dist. Lexus. 82342, 7-A (S.D. Fla 2014). A Motion to Reconsider is appropriate where the Court has misunderstood a party or has made a decision outside the issues presented by the parties, or relied upon mistaken facts.  A District Court has inherent authority to reconsider,

1

rescind, or modify its orders. Lavespere v. Niagra Mach and Tool Works, Inc, 910 F. 2d 167 (5th Circuit 1990).  Reconsideration of a final summary judgment order is appropriate to correct manifest errors of law or fact, Herman v. Hartford Life & Accident Ins. Co, 508 Fed. Appx. 923 (11th Circuit 2013).  Here, reconsideration is warranted to correct manifest errors of law and fact and to prevent manifest injustice.

In granting Defendants' Motion for Summary Judgment, this Court weighed the evidence, ignored evidence presented by the Plaintiff, and mistakenly misinterpreted the facts (for example: on Page 25 of the Order, this Court claimed that Plaintiff argued without record citations that Maykel Barrera went to the ground and never got up on his own, however on Pages 7-11 of the Order there are detailed records demonstrating that the Plaintiff never got up on his own, and Officer Ballesteros testified that once Maykel Barrera went to the ground with Officer Ballesteros, that Maykel did not get off the ground until the police removed him. Ballesteros deposition Page 109 Lines 13-15). He also testified that while Officer Ballesteros and Plaintiff were on the ground, multiple Officers had landed on top of them.  Ballesteros Page 100 Lines 23-25.  Additionally, Plaintiff filed a Statement of Facts (D.E.76) which referred to these facts. Thus, there are facts which were either misconstrued, misinterpreted, misunderstood or ignored by this Court. Defendants do not address this.

In granting a Motion for Summary Judgment, a trial court's opinion of the weight of the evidence and its speculation as the case's ultimate outcome are immaterial at the summary judgment stage.  Genuine dispute of a material fact exists when the evidence is such that a reasonable jury could return a verdict for the non-moving party.  Anderson v. Liberty Lobby Inc. 477 U.S. 242, 248 (1986). Making credibility determinations, weighing the evidence, and drawing inferences from the evidence are functions of the ultimate finder of fact and not of a Judge ruling

on a Motion for Summary Judgment. Strickland v. Norfolk S.RY. Co., 692 F. 3d 1151, 1154 (11th Circuit 2012).  Plaintiff offered evidence, the testimony of Demetrius McKenzie and Gwendolyn Flowers, which directly contradicted the testimony of the Defendant Officers.  Additionally, the testimony of the Defendants, ignored by this Court, create factual issues. Finally, the Plaintiff offered expert testimony of a forensic toxicologist indicating that the information relied upon by the Miami Dade Pathologist, which was presented to him by a toxicologist, was incorrect. Additionally, Plaintiff presented evidence from Miami Dade Fire Rescue and a treating physician at Jackson Health South that provided alternative explanations for the Plaintiff's cause of death. This Court rejected the testimony, and relied upon the testimony presented by the Defendants' emergency room physician. Clearly, in rejecting the Plaintiff's evidence, this Court made credibility determinations, weighed the evidence, and drew inferences in favor of the Defendants, rather than the Plaintiff.

A genuine factual dispute exists if there is record evidence to permit a rational finder of fact to find for the non-movant. Anderson, supra 247-52. The fact is material if it might affect the outcome of a case.  Anderson at 248. Courts deciding motions for summary judgment must neither weigh the evidence nor find facts. Anderson at 249-50.

The 11th Circuit has stated that the general rule is that inadmissible hearsay cannot be considered on a Motion for Summary Judgment. See Jones v. UPS Ground Freight, 683 F. 3d 1283 (11th Circuit 2012).  See also McMillin v. Johnson, 88 F. 3d 1573 (11th Circuit 1996) holding that a Court may not consider hearsay statements at a summary judgment phase. As detailed in Plaintiff's Motion for Reconsideration, this Court improperly relied upon inadmissible 911 hearsay statements as justification for the Defendants' argument that they needed to get into the apartment. This Court further relied upon the inadmissible 911 hearsay statements when accepting testimony

of the responding police officers who claim that they were told by the 911 operator that there was a violent domestic dispute in progress.  It was that improper inadmissible hearsay which was used by the Defendants to enter the apartment without permission which trigged the tragic events.

Plaintiff's Motion for Reconsideration details the factual issues that this Court either ignored, or misinterpreted, identified evidence which was weighed by this Court, identified instances where the Court made credibility determinations or drew inferences. In fact, the Defendants claim that this Court properly rejected the testimony of Dr. Stockham in failing to rebut the opinions of experts regarding the cause of death being caused by drug toxicity.  The Court cannot do this at the summary judgment stage.

Although Defendants may be able to convince a jury that the factual uncertainties may be resolved in their favor, this Court should not resolve the factual uncertainty as to whether the Defendants had justification and urgency to attack Barrera as they did.  See Joseph v. Bartlett, 981 F. 3d 319 (5th Circuit 2020). Summary Judgment is not an available tool to resolve fact, blatant, and extended police citizens encounters.  Graham v. Connor, 490 U.S. 386 (1989).  There was substantial testimony which the Defendants attempt to distinguish which raises factual questions. The Defendants would have this Court look at some of the testimony of independent witnesses, McKenzie and Flowers, while ignoring the remainder of their testimony.  It appears that is what this Court has done. In accepting parts of the testimony of McKenzie and Flowers, this Court weighed the evidence, made credibility determinations and drew inferences in favor of the Defendants against the Plaintiff.  This Court found that the Plaintiff could not point to any circumstances that the Plaintiff has ceased resisting yet continued to be beaten. Plaintiff in her motion cited to numerous instances. In Defendants' response, they point out activities before Mr. Barrera was taken to the ground, however remain silent as to the events once Mr. Barrera was

4

taken to the ground by Officer Ballesteros and after which the beating and tazering continued to occur. These facts raise issues as to the whether the beating and the activities of the Defendants were objectively reasonable.

Finally, Plaintiff has introduced sufficient evidence for a jury to determine causation. Defendants argue that this Court properly accepted the testimony of its "expert" that death was caused by drug toxicity. However, the most qualified forensic toxicologist in the case, Dr. Stockham, specifically testified that the drugs were not a cause of the death, and that the medical examiner improperly relied upon the toxicology reports from an outside lab.

As to the cause of death, clearly this is a factual determination, not one to be made by the Court. Plaintiff has provided this Court with testimony of a forensic toxicologist who has testified that the testing that the pathologist relied upon was faulty, and testified that it is her opinion that the drugs were not a cause of the Plaintiff's death. Yet, this Court disregarded her testimony and relied upon the testimony of an emergency room physician who did not address any of the issues raised by Dr. Stockholm. In addition to Dr. Stockholm's opinions, this Court has the records of the EMS and Jackson South which indicates the cause of death to be caused by electrocution from the taser or from the extensive injuries caused by the beating that contradict Defendants' evidence and is seemingly ignored or misunderstood by this Court. Defendants' emergency room physician disagrees with those records. This Court made the decision to accept the opinions of the Defendants' expert rather than Plaintiff's expert, EMS employees and the treating physician. Clearly, in making that decision, this Court made credibility determinations, weighed the evidence, and drew inferences from the evidence which were functions of the ultimate finder of fact and not of a judge ruling on a Motion for Summary Judgment. Strickland, supra at 1154.

The Miami Dade Pathologist's diagnosis was a diagnosis of exclusion. He was presented with multiple causes of death, and ruled out certain causes. He relied upon the opinions of an outside toxicologist. It is for a jury to decide the weight of this decision not the Court.

In Mayhorn v. Logan Medical Foundation 193 W.VA.42 (W.VA 1994) a similar issue was presented to the West Virginia Supreme Court. A physician (an internist) was prohibited from testifying because his conclusion differed from the pathologist who testified as to the cause of death. His opinion was different from the pathologist's opinion. The Internist's opinion was based upon the pathology report. The Trial Court granted a directed verdict.

In relying upon Daubert v. Merrell Dow Pharm, Inc. 509 U.S., 579 (1993), the West Virginia Supreme Court reversed the directed verdict. The issue was whether the opinion of the internist was admissible over the testimony of the pathologist.

In reversing the directed verdict, the West Virginia Supreme Court indicated that the fact that internist's conclusion differed from that of the author of the pathology report did not render the testimony inadmissible. Rather, it was for the jury, who was responsible for determining the weight of the evidence, to be given the expert's opinion, and for the jury, not the Court, to determine what weight to be given to the opinion.

In the case before this Court, the identical thing has occurred. Dr. Stockham who has worked in various Medical Examiner's Offices, reviewed the pathology report, and in particular, the toxicology report. Dr. Stockham clearly stated that drugs were not the cause of Maykel's death. She believed that the Medical Examiner's opinion that the death was caused by an overdose was incorrect.  She believed that based upon her review of all of the documents in the Medical Examiner's report, that rather than drug overdose or drug toxicity, that the cause of death was the beating. See Stockham's deposition Pages 10 Lines 12-13; Page 12 Lines 1-7; Page 88 Lines 7-9;

Page 90 Lines 10-18. Page 91 Lines 15-19. This Court's decision to discount or completely ignore the opinions of Dr. Stockham, Dr. Leneen, and the EMS providers, clearly establishes that this Court made a credibility determination, weighed the evidence, and drew inferences in favor of the Defendants rather than the Plaintiff and thus invaded the province of a jury.  The cause of death is a factual determination, not one to be made by this Court, and it is certainly not for this Court to make a factual determination and to weigh the evidence between Dr. Stockham and the Defendants' experts on a Motion for Summary Judgment.

## FLORIDA'S WRONGFUL DEATH

Plaintiff has a separate and distinct claim under Florida's Wrongful Death Act. This Court was faced with conflicting testimony of the Defendants, testimony of independent witnesses, and the opinions and testimony of Dr. Stockham, Dr. Leneen, Plaintiff's treating physician at the hospital, and the EMS providers.  In Ruiz v. Tenet Hialeah Health System, Inc., 260 So. 3d 977 (Fla 2018) the Florida Supreme Court addressed the issue of causation relating to medical opinions. The Court found that the moving party has a heavy burden to show that there was no proper view of the evidence that could sustain a verdict in favor of the non-moving party. The Plaintiff need only show that negligence <u>probably</u> caused the injury. The Supreme Court restated its long-standing position that it is the role of the jury, as a finder of fact, to decide if a Plaintiff has proven causation.

In this case, both sides have presented testimony of experts. Plaintiff has presented alternative theories as to the cause of death. However, Plaintiff's expert forensic toxicologist has specifically stated cause of death was not drug toxicity.  As this Court noted in the Order Adopting the Magistrates Judges Report and Recommendation (D.E. 130) "Plaintiff has put forward what she considers to be at least **some evidence of causation** in support of her claim under Florida

Wrongful Death Act." Consequently, this issue of causation needs to be addressed by the jury, not the Court.

Based upon the fact that the summary judgment was based upon on a manifest error of law or fact, this Court weighed the evidence and evaluated the credibility of witnesses,

reconsideration is appropriate to correct a clear error or prevent manifest injustice.  This Court should reconsider its holding, and, based upon the clear factual disputes, should grant the Motion for Reconsideration and deny Defendants' Motion for Summary Judgment.

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was served on February 1, 2022 on all counsel or parties of record.

By: /s/ James Robertson
James S. Robertson
Attorneys for Plaintiff
GAEBE MULLEN ANTONELLI & DIMATTEO
420 South Dixie Highway, 3rd Floor
Coral Gables, FL  33146
drosa@gaebemullen.com
Phone: (305) 667-0223