UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 16-23241-CIV-CANNON/OTAZO-REYES

MARIA DEL CARMEN MONTEFU ACOSTA,

    Plaintiff,

v.

MIAMI-DADE COUNTY, *et al.*,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

THIS CAUSE came before the Court upon Defendants Lawrence Ballesteros, Jorge Ferrer, Cynthia Mead, Giovanni Rodriguez, Enrique Noriega, Miguel Maldonado (collectively, "Officers"), and Miami-Dade County's ("the County") (together, "Defendants") Bill of Costs (hereafter, "Bill of Costs") [D.E. 134], supported by a Verified Memorandum of Law in Support of Bill of Costs (hereafter, "Memorandum") [D.E. 135], and an Amended Memorandum [D.E. 143-1]. This matter was referred to the undersigned pursuant to 28 U.S.C. § 636 by the Honorable Aileen M. Cannon, United States District Judge [D.E. 136]. For the reasons stated below, the undersigned respectfully recommends that Defendants' Bill of Costs be GRANTED IN PART.

## PROCEDURAL AND FACTUAL BACKGROUND

On February 26, 2016, Plaintiff Maria del Carmen Montefu Acosta ("Plaintiff") commenced this action in the Circuit Court of the Eleventh Judicial Circuit for Miami-Dade County, Florida as personal representative of the Estate of her son, Maykel Antonio Barrera ("Barrera"). See Compl. [D.E. 1-2 at 11–36]. On July 28, 2016, the case was removed pursuant to 28 U.S.C. §§ 1331, 1367, and 1441(a) and (b). See Notice of Removal [D.E. 1 at 2]. On

September 8, 2020, the Court granted the County's Motion to Dismiss [D.E. 26]. See Order [D.E. 37]. On November 22, 2021, the Court granted the Officers' Motion for Summary Judgment [D.E. 70]. See Order Granting Motion for Summary Judgment [D.E. 129]. Thereafter, on November 23, 2021, the Court entered Final Judgment in favor of the Officers [D.E. 131].

On December 21, 2021, Plaintiff filed a Motion for Reconsideration of the Court's entry of Final Judgment (hereafter, "Motion for Reconsideration") [D.E. 132]. On December 23, 2021, Defendants filed their Bill of Costs [D.E. 134] and Memorandum [D.E. 135]. On January 14, 2022, Plaintiff filed her Objections to Defendants' Bill of Costs (hereafter, "Objections") [D.E. 141], and on January 21, 2022, Defendants filed their Reply in Support of their Bill of Costs (hereafter, "Reply") [D.E. 143]. On April 14, 2022, the Court denied Plaintiff's Motion for Reconsideration [D.E. 147].

## **APPLICABLE LAW**

Pursuant to Federal Rule of Civil Procedure 54(d) (hereafter, "Rule 54(d)"), "[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." See Fed. R. Civ. P. 54(d)(1); Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human Res., 532 U.S. 598, 606 n.8 (2001), superseded by statute on other grounds, Open Government Act of 2007, Pub. L. No. 110-175, 121 Stat. 2524 ("Courts generally, and this Court in particular . . . have a presumptive rule for costs which the Court in its discretion may vary."). "Rule 54(d) creates a strong presumption in favor of awarding costs to the prevailing party." Berube v. McCann Aerospace Machining Corp., 486 F. App'x 778, 780 (11th Cir. 2012). Section 1920 "enumerates expenses that a federal court may tax as a cost under the discretionary authority found in Rule 54(d)." Crawford Fitting Co. v. J.T. Gibbons, Inc., 482 U.S. 437, 441–42 (1987), superseded by statute on other grounds, Civil Rights Act of 1991,

2

Pub. L. No. 102-166, 105 Stat. 1071. Pursuant to Section 1920, a court may award the following as costs:

> (1) Fees of the clerk and marshal;
> (2) Fees for printed and electronically recorded transcripts necessarily obtained for use in the case;
> (3) Fees and disbursements for printing and witnesses;
> (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
> (5) Docket fees under section 1923 of this title;
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920. A court may not award costs in excess of those authorized by statute. Crawford Fitting, 482 U.S. at 445.

## DISCUSSION

### I. Entitlement to Costs

In this case, the Court dismissed all of Plaintiff's claims against the County and entered Final Judgment in favor of the Officers. See Order [D.E. 37]; Final Judgment [D.E. 131]. Thus, Defendants are clearly the prevailing parties and are entitled to recover their costs pursuant to Rule 54(d). However, Plaintiff objects to Defendants' Bill of Costs on the following three grounds: the awarding of costs would be inequitable; Defendants failed to comply with Local Rules 7.1(a)(3) and 7.3(c) before filing their Bill of Costs; and numerous costs are not recoverable. See Objections [D.E. 141 at 1]. As discussed below, the undersigned finds no merit in Plaintiff's objections to entitlement but does find that some of the costs sought by Defendants are not recoverable.

#### A. Equitableness of a Costs Award

Plaintiff argues that she "lives on a modest social security benefit, [] resides in government assisted housing[,] . . . [and] has no other source of income"; hence she would be unable to pay any costs to Defendants. See Objections [D.E. 141 at 2]. "[A] non-prevailing party's financial

3

status is a factor that a district court may, but need not, consider in its award of costs pursuant to Rule 54(d)." Chapman v. AI Transport, 229 F.3d 1012, 1039 (11th Cir. 2000) (citations omitted). However, "[i]f a district court in determining the amount of costs to award chooses to consider the non-prevailing party's financial status, it should require substantial documentation of a true inability to pay." Id. (citations omitted). Here, Plaintiff has failed to meet her burden for consideration of her financial status because she has failed to submit any documentation evidencing her claimed inability to pay an award of costs. See, e.g., Small v. Ford Motor Co., No. 12-80841-CIV, 2015 WL 203178, at *1 (S.D. Fla. 2015) ("[T]here is nothing before the Court documenting Plaintiff's financial status other than the statement of [c]ounsel. This is insufficient to overcome the presumption that costs should be awarded to the prevailing party."). Accordingly, Plaintiff's equitableness argument fails to nullify Defendants' entitlement to costs. Berube, 486 F. App'x at 780 ("Rule 54(d) creates a strong presumption in favor of awarding costs to the prevailing party.").

    **B. Compliance with Local Rules**

Plaintiff also argues that Defendants violated Local Rules 7.1(a)(3) and 7.3(c) by refusing to share with Plaintiff's counsel the documentation in support of their draft Bill of Costs, thereby failing to confer in good faith. See Objections [D.E. 141 at 5–6].

Local Rule 7.3(c) requires that "[p]rior to filing the bill of costs, the moving party shall confer with affected parties under the procedure outlined in S.D. Fla. L.R. 7.1(a)(3) in a good faith effort to resolve the items of costs being sought." See S.D. Fla. L.R. 7.3(c). Local Rule 7.1(a)(3) requires that the movant then certify either:

> (A) that counsel for the movant has conferred with all parties or non-parties who may be affected by the relief sought in the motion in a good faith effort to resolve the issues raised in the motion and has been unable to do so; or (B) that counsel for the movant has made reasonable efforts to confer with all parties or non-parties who

> may be affected by the relief sought in the motion, which efforts shall be identified with specificity in the statement (including the date, time, and manner of each effort), but has been unable to do so.

See S.D. Fla. L.R. 7.1(a)(3).  In Defendants' Memorandum, their counsel certified that, "in compliance with Local Rule 7.1A.3, I attempted to confer with opposing counsel in a good faith effort to resolve this motion by agreement on several occasions, sending emails and the draft Bill of Costs over the course of several days, but Plaintiff's counsel has yet to respond to my inquiries or provide his position."  See Memorandum [D.E. 135 at 11].  Thus, Defendants complied with Local Rules 7.1(a)(3) and 7.3(c)'s conferral and certification requirements.

Plaintiff contends, however, that Defendants' counsel did not confer in good faith because they did not provide the documentation in support of their Bill of Costs during the conferral process.  See Objections [D.E. 141 at 6].  Plaintiff further contends "that many of [her] objections could have been resolved had Defendants produced [these] invoices."  Id.  Local Rule 7.3(c) provides, in part, that "[t]he bill of costs shall attach copies of any documentation showing the amount of costs and shall be supported by a memorandum not exceeding ten (10) pages."  See S.D. Fla. L.R. 7.3(c).  Defendants complied with this requirement when filing their Bill of Costs.  See generally Invoices [D.E. 134-1]; Memorandum [D.E. 135].  Moreover, Plaintiff has now had the opportunity to review Defendants' supporting documentation and file objections to Defendants' Bill of Costs, which the undersigned considers below.  Therefore, Plaintiff's rule compliance argument fails to nullify Defendants' entitlement to costs.  Berube, 486 F. App'x at 780 ("Rule 54(d) creates a strong presumption in favor of awarding costs to the prevailing party.").

II.     **Taxable Costs**

Defendants initially requested a costs award in the amount of $21,736.85.  See Bill of Costs [D.E. 134 at 1].  Defendants have since deducted from their request: $1,033.12 in duplicative

5

deposition costs; $60.95 in courier service fees; and $8.00 in witness fees. See Reply [D.E. 143 at 1]; Amended Memorandum [D.E. 143-1]. The undersigned also notes that Defendants duplicated their request for Demetrius McKenzie's ("Mr. McKenzie") deposition costs, see Memorandum [D.E. 135 at 4]; Amended Memorandum [D.E. 143-1 at 4], thereby requiring a further deduction in the amount of $402.25. Thus, Defendants' adjusted costs request is composed of the following items:

| Expenses and Costs | Amount ($) |
|---|---|
| Fees for service of subpoenas | 1,045.00 |
| Fees for printed or electronically recorded transcripts | 14,490.78 |
| Fees for witnesses | 2,652.00 |
| Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case | 82.25 |
| Compensation of interpreters and costs of special interpretation services under 20 U.S.C. 1828 | 1,962.50 |
| **ADJUSTED TOTAL REQUEST:** | **20,232.53** |

Plaintiff argues that several of Defendants' costs are "not recoverable under Section 1920, and [that some of] the costs requested do not match the invoices" provided by Defendants. See Objections [D.E. 141 at 1]. The undersigned considers these objections when addressing each category of costs below.

**A. Fees for service of subpoenas**

Defendants' invoices for the service of 29 subpoenas total $1,045.00. See Memorandum [D.E. 135 at 6]. Private process server fees may be taxed pursuant to Section 1920. U.S. E.E.O.C. v. W & O, Inc., 213 F.3d 600, 624 (11th Cir. 2000). However, such costs are normally limited to $65.00, which is the standard hourly rate that the U.S. Marshals Service charges for serving a document, plus travel costs and other out-of-pocket expenses for serving process. Emery v. Allied Pilots Ass'n, No. 14-80518-CV, 2017 WL 5175617, at *3 (S.D. Fla. May 18, 2017), report and recommendation adopted, 2017 WL 5188351 (S.D. Fla. June 6, 2017). Therefore, "in the absence

of documented travel or out-of-pocket expenses, the maximum recovery per subpoena is $65.00 or the actual cost incurred, whichever is less." Nelson v. North Broward Med. Ctr., No. 12-61867-CIV, 2014 WL 2195157, at *3 (S.D. Fla. May 27, 2014).

Defendants do not seek costs in excess of $65.00 for any subpoena. See Invoices [D.E. 134-1 at 29–51]; Small, 2015 WL 203178, at *2 ("Where the charges were less than the amount charged by the U.S. Marshall, that is the amount the Court grants."). However, Defendants attempted to serve Ignacio Rodriguez ("Mr. Rodriguez"), Maria Rodriguez ("Ms. Rodriguez"), and Damaisy Rodriguez Perez ("Ms. Perez") at three different addresses each, thereby incurring costs of three times $30.00 per subpoena, or $90.00, for the service of subpoenas on each of these individuals. See Invoices [D.E. 134-1 at 39–40, 49]. The invoices note that service attempts on Mr. Rodriguez, Ms. Rodriguez, and Ms. Perez were all ultimately unsuccessful. Id. In this regard, "subpoena fees should not be reduced merely because the service of a subpoena was unsuccessful." See Goldwire v. City of Riviera Beach, Fla., No. 18-81285-CIV, 2022 WL 1050331, at *5 (S.D. Fla. Mar. 3, 2022) (citing Rodriguez v. Miami-Dade County, No. 15-CV-0001621, 2019 WL 1901594, at *2 (M.D. Fla. April 29, 2019)). "Instead, these costs should be reduced only when the moving party does not explain why the service of multiple subpoenas failed." Id. (citing Carroll v. Carnival Corp., No. 16-CV-20829, 2018 WL 1795469, at *3 (S.D. Fla. Feb. 6, 2018), modified report and recommendation adopted, 2018 WL 1795790 (S.D. Fla. Mar. 9, 2018)). Here, Defendants do not explain why the attempted service of multiple subpoenas on Mr. Rodriguez, Ms. Rodriguez, and Ms. Perez failed. Accordingly, Defendants are only entitled to recover the cost of the initial service attempt for each of these witnesses. See Carroll, 2018 WL 1795469, at *3.

Thus, Defendants' request for service of subpoena fees is reduced by $180.00 to $865.00.

### B. Fees for printed or electronically recorded transcripts

Next, Defendants seek $14,490.78 in transcript costs. See Memorandum [D.E. 135 at 2–5]; Amended Memorandum [D.E. 143-1 at 2–5]. With regard to video deposition costs, Plaintiff argues that Defendants "have not demonstrated the necessity of both videotape and transcription of any claimed deposition." See Objections [D.E. 141 at 3]. Plaintiff further objects to Defendants' request for several miscellaneous transcript charges, including litigation packages and the cost of expediting certain transcripts. Id. at 2–3. Finally, Plaintiff objects to Defendants' request for the cost of the pretrial conference transcript. Id. at 4. The undersigned addresses each of these objections below.

1. <u>Video Depositions</u>

Defendants seek to recover $2,604.00 for videotaping the depositions of Plaintiff and Ms. Perez. See Memorandum [D.E. 135 at 4]; Invoices [D.E. 134-1 at 12–13].[1] With regard to Plaintiff's deposition, Defendants also seek to recover the costs of transcribing the deposition. See Invoices [D.E. 134-1 at 16]. "[W]hen a party notices a deposition to be recorded by . . . both stenographic and nonstenographic means, and no objection is raised at that time by the other party to the method of recordation . . . it is appropriate under § 1920 to award the cost of conducting the deposition in the manner noticed." Morrison v. Reichhold Chems., Inc., 97 F.3d 460, 465 (11th Cir. 1996). However, to recover costs for both transcripts and videotapes of a deposition, the prevailing party must explain why both means of recording the deposition were necessary. Powell v. The Home Depot, U.S.A., Inc., No. 07-80435-CIV, 2010 WL 4116488, at *6 (S.D. Fla. Sept. 14, 2010), report and recommendation adopted, 2010 WL 4102933 (S.D. Fla. Oct. 18, 2010) (citing Morrison, 97 F.3d at 465); see also Perfect Web Techs., Inc. v. Infousa, Inc., No. 07-80286-

---

[1] It appears from the record that Ms. Perez voluntarily appeared for her deposition, as did several other witnesses. See Objections [D.E. 141 at 4].

8

CIV, 2009 WL 2407689, at *9 (S.D. Fla. Aug. 4, 2009) ("[W]here reimbursement for both methods of recording is sought, the prevailing party bears the burden of proving that both methods were necessary."); Utopia Provider Sys., Inc. v. Pro-Med Clinical Sys., L.L.C., No. 07-60654-CIV, 2009 WL 1210998, at *3 (S.D. Fla. May 1, 2009) (denying duplicative video deposition costs where prevailing party failed to explain why it was necessary to obtain both a videotaped and transcribed copy of depositions).

Here, Defendants provide no explanation as to why both a transcript and videotape recording of Plaintiff's deposition were necessary. See Invoices [D.E. 134-1 at 13, 16]. Given the lack of explanation, the $1,593.00 in costs attributable to the videotaping of Plaintiff's deposition, id. at 13, are not recoverable. Therefore, Defendants are only entitled to the videotaped deposition costs incurred for Ms. Perez's deposition, for which they seek $1,011.00. See Invoices [D.E. 134-1 at 12].[2] However, this invoice includes charges for "MPEG/Digitizing", "Media and Cloud Services", and "Electronic Access", none of which are recoverable in the absence of an explanation from Defendants about why they were necessary "as opposed to [] convenience-only cost[s]." See Alfaro v. Bank of America, N.A., No. 19-22762-CIV, 2021 WL 5920830, at *8 (S.D. Fla. Aug. 3, 2021), report and recommendation adopted, 2021 WL 5919022 (S.D. Fla. Dec. 15, 2021). Accordingly, Defendants may only recover a total of $450.00, comprising the "Initial Services" and "Additional Hours" charges for Ms. Perez's video deposition. Thus, the video deposition costs for Plaintiff are excluded and are limited to $450.00 for Ms. Perez.

2. Transcripts and Court Reporter Attendance Fees

Defendants request $11,826.84 in this category of costs, comprising: court reporter attendance fees; transcript of a 9-1-1 dispatch call; transcript of an unidentified audio recording;

---

[2] Defendants do not seek costs for Ms. Perez's deposition transcript. See Amended Memorandum [D.E. 143-1 at 4] (requesting costs for "Video Services of deposition of Damaisy Rodriguez [Perez]").

9

and transcripts of the depositions of Lieutenant Miguel Maldonado ("Lieutenant Maldonado"), Officer Giovanni Rodriguez ("Officer Rodriguez"), Jorge Ferrer ("Mr. Ferrer"), Enrique Noriega ("Mr. Noriega"), Detective Luis Gomez ("Detective Gomez"), Detective Juan Segovia ("Detective Segovia"), Officer Lawrence Ballesteros ("Officer Ballesteros"), Officer Cynthia Mead ("Officer Mead"), Gwendolyn Flowers ("Ms. Flowers"), Plaintiff, Terri Stockham, Ph.D. ("Dr. Stockham"), Venus Barrera ("Ms. Barrera"), Narciso R. Barrera ("Mr. Barrera"), Mr. McKenzie, Dennis Corona ("Mr. Corona"), Ana Luisa Guardado ("Ms. Guardado"), Maria del Carmen Moras Estabil ("Ms. Estabil"), and Maribel Roman ("Ms. Roman"). See Invoices [D.E. 134-1 at 2–11, 14–27].[3]

Expenses related to "printed or electronically recorded transcripts necessarily obtained for use in the case" are compensable. 28 U.S.C. § 1920(2). "The question of whether the costs for a deposition are taxable depends on the factual question of whether the deposition was wholly or partially necessarily obtained for use in the case." W & O, 213 F.3d at 620–21 (internal quotation omitted). Further, court reporter attendance fees are generally taxable. See Joseph v. Nichell's Caribbean Cuisine, Inc., 950 F. Supp. 2d 1254, 1258–59 (S.D. Fla. June 12, 2013). Because "the parties presumably have equal knowledge of the basis for each deposition, the party who challenges the proposed costs 'bears the burden of showing that specific deposition costs or a court reporter's fee was not necessary for use in the case. . . .'" MSPA Claims 1, LLC v. Covington Specialty Ins. Co., No. 19-21583-Civ, 2021 WL 6926415, at *5 (S.D. Fla. Sept. 28, 2021), report and recommendation adopted, 2022 WL 783203 (S.D. Fla. Mar. 14, 2022) (internal quotations omitted) (citation omitted).

---

[3] Defendants clarify in their Reply that some invoices encompass transcript costs for multiple witnesses. See Reply [D.E. 143 at 3]. Invoice #163687 sets forth costs for the deposition transcripts of Lieutenant Maldonado and Officer Rodriguez; Invoice #166154 sets forth costs for the deposition transcripts of Mr. Ferrer, Mr. Noriega, and Detective Gomez; Invoice #165494 sets forth costs for the deposition transcripts of Detective Segovia, Officer Ballesteros, and Officer Mead; and Invoice #4963515 sets forth costs for the deposition transcripts of Ms. Guardado and Ms. Estabil. See Invoices [D.E. 134-1 at 2, 4, 9, 24].

The deposition transcripts of Lieutenant Maldonado, Officer Rodriguez, Mr. Ferrer, Mr. Noriega, Detective Gomez, Officer Ballesteros, Officer Mead, Ms. Flowers, Plaintiff, Dr. Stockham, Ms. Barrera, and Mr. McKenzie, along with the 9-1-1 dispatch call transcript, were cited in Defendants' Motion for Summary Judgment [D.E. 70, 71]. Moreover, the deposition transcripts of Ms. Guardado, Ms. Estabil, and Ms. Roman were cited in Defendants' Motion in Limine [D.E. 69]. As for the deposition transcripts of Detective Segovia, Mr. Barrera, and Mr. Corona, which Plaintiff challenges, she has not met her burden of showing that they were not necessary for use in the case. See Covington, 2021 WL 6926415, at *5. Accordingly, Defendants are entitled to recover the costs and court reporter attendance fees for all of these depositions, as well as the costs for the transcript of the 9-1-1 dispatch call.

Plaintiff further argues that the amounts requested for the deposition transcripts of Lieutenant Maldonado, Officer Rodriguez, Mr. Ferrer, Mr. Noriega, Detective Gomez, Detective Segovia, Officer Ballesteros, and Officer Mead do not match the invoiced amounts. See Objections [D.E. 141 at 4]. Therefore, the undersigned will adjust these requested amounts accordingly. Plaintiff also points out that Defendants fail to provide details about the unidentified audio recording for which they seek transcript costs. Id. Defendants cannot recover the cost for the unidentified audio recording transcription without explaining why it was necessary to the case. W & O, 213 F.3d at 620–21.

Plaintiff also argues that Defendants' deposition invoices include charges for several items that are not recoverable, including: litigation support packages, processing and handling charges, and exhibits. See Objections [D.E. 141 at 3]. None of these items are recoverable. See, e.g., Powell, 2010 WL 4116488, at *10 (disallowing costs for litigation support packages); Castillo v. Teledyne Cont'l Motors. Inc., No. 08-21850-CV, 2011 WL 1343051, at *2 (S.D. Fla. Mar. 16,

11

2011), report and recommendation adopted, 2011 WL 1337232 (S.D. Fla. Apr. 7, 2011) ("Shipping and handling costs derived from the stenographer are not taxable."); Alfaro, 2021 WL 5920830, at *6 (disallowing costs for exhibits in the absence of a "cogent explanation" of their necessity). Moreover, Defendants fail to explain why the costs included in these invoices for equipment and amenity rentals and virtual deposition platform services were not incurred for the convenience of counsel; hence, they are not recoverable. See, e.g., Lawton-Davis v. State Farm Mut. Auto. Ins. Co., No. 6:14-cv-1157, 2017 WL 1968337, at *3 (M.D. Fla. Apr. 26, 2017), amended report and recommendation adopted, 2017 WL 1957119 (M.D. Fla. May 11, 2017) (denying costs for equipment rental used in depositions when it could not be determined "whether or not the charges at issue were simply for the convenience of counsel"); Bucklew v. Charter Comms., LLC, No. 8:19-cv-2029, 2021 WL 3621892, at *3 (M.D. Fla. Jul. 16, 2021), report and recommendation adopted, 2021 WL 3617404 (M.D. Fla. Aug. 16, 2021) (declining to award costs for remote video platform fees).

Finally, Plaintiff argues that Defendants are not entitled to recover the costs for expediting the deposition transcripts of Mr. Ferrer and Mr. Noriega. See Objections [D.E. 141 at 4]. However, Defendants explain in their Reply that it was necessary to expedite these transcripts because of scheduling issues with Plaintiff's counsel prior to the March 23, 2021, deadline to submit expert reports. See Reply [D.E. 143 at 2]. Taking into account this explanation, the undersigned finds that Defendants are entitled to recover the costs of expediting these transcripts. See, e.g., Thermostat Corp. v. Building Materials Corp. of Am., No. 14-60268-CIV, 2015 WL 11197752, at *5 (S.D. Fla. Dec. 29, 2015), report and recommendation adopted, 2016 WL 3944034 (S.D. Fla. Feb. 2, 2016) (finding expedited transcript of a deposition necessary in light of impending expert report disclosure deadline).

Applying the foregoing adjustments reduces Defendants' request for transcript costs and court reporter attendance fees by $2,343.74 to $9,483.10.

3. Hearing Transcripts

Defendants also seek $59.94 for the transcript of the September 11, 2020, pretrial conference. See Memorandum [D.E. 135 at 4]; Invoices [D.E. 134-1 at 27]. "Section 1920 gives district courts the discretion on whether to tax hearing transcripts." Gustave v. SBE ENT Holdings, LLC, No. 19-23961-CIV, 2021 WL 4463149, at *8 (S.D. Fla. Sept. 10, 2021), report and recommendation adopted, 2021 WL 4428208 (S.D. Fla. Sept. 27, 2021) (citing 28 U.S.C. § 1920(2)). "Hearing transcript costs are taxable when reasonably obtained in preparation for additional argument and/or motion practice." Pediatric Nephrology Assocs. of S. Fla. v. Variety Children's Hosp., No. 16-24138-CIV, 2018 WL 4778456, at *4 (S.D. Fla. Jul. 9, 2018), report and recommendation adopted, 2018 WL 4777166 (S.D. Fla. Jul. 24, 2018) (internal quotation marks and citation omitted). Defendants argue that the cost for this transcript was necessary and reasonable "because [the transcript] contained representations by the parties, important instructions from the Court, the Court's legal reasoning[,] and *ore tenus* rulings." See Memorandum [D.E. 145 at 5]; see also Reply [D.E. 143 at 2]. Defendants also state that the "transcript was cited in several key filings in this case." See Reply [D.E. 143 at 2] (citations omitted). Given this explanation, the undersigned finds that these costs are recoverable.

C. **Fees for witnesses**

With respect to Defendants' request for fees for witnesses, they provide the following breakdown of costs:

| Fees for Witnesses | Amount ($) |
|---|---|
| Witness fee for records custodian of Jackson Memorial Hospital Neurology & Psychiatry Clinics ("Jackson") | 8.00 |
| Witness fee for records custodian of Kendall Regional Medical Center ("Kendall Regional") | 8.00 |
| Witness fee for Juan M. Gutierrez, M.D. ("Dr. Gutierrez") | 8.00 |
| Witness fee for Clara Villalba, M.D. ("Dr. Villalba") | 8.00 |
| Witness fee for Ms. Guardado | 40.00 |
| Witness fee for records custodian of NBC 6 South Florida ("NBC 6") | 8.00 |
| Witness fee for Mr. McKenzie | 40.00 |
| Witness fee for records custodian of Semlex Environmental Services ("Semlex") | 8.00 |
| Witness fee for records custodian of Miami Marlins, L.P. ("Miami Marlins") | 8.00 |
| Witness fee for Dr. Gutierrez | 8.00 |
| Witness fee for records custodian of Jackson | 8.00 |
| Expert witness fee for Dr. Stockham | 2,500.00 |
| **TOTAL:** | **2,652.00** |

See Amended Memorandum [D.E. 143-1 at 7–8].

Pursuant to Section 1920, the Court may award "[f]ees and disbursements for . . . witnesses," subject to the limitations set forth in Title 28, United States Code, Section 1821 (hereafter, "Section 1821"). See Crawford Fitting, 482 U.S. at 441; see also J.G. v. Carnival Corp., No. 12-21089-CIV, 2013 WL 5446412, at *5 (S.D. Fla. Sept. 28, 2013) ("Generally, an attendance fee of $40.00 is recoverable under § 1920 for witnesses who attend trial or a deposition."). This limitation applies to expert witnesses. See Walker v. Bozeman, 243 F. Supp. 2d 1298, 1307 (N.D. Fla. 2003) ("Expert witness fees (above the $40 daily attendance fee applicable to any witness, *see* 28 U.S.C. § 1821) are not recoverable."). In addition to the $40 per day fee, "'[a] witness is also entitled to the actual expenses of travel by common carrier at the most economical rate reasonably available . . . [and] a subsistence allowance in an amount not to exceed the per diem allowance for federal employees when the witness is required to stay overnight.'" Ferguson v. Bombardier Servs. Corp., No. 8:03-cv-539-T-31DAB, *et al.*, 2007 WL 601921, at *5 (M.D. Fla. Feb. 21, 2007)

(citing [28] U.S.C. § 1821(c)(1)).  However, "the party requesting travel costs needs to provide detailed documentation of the expenses incurred."  J.G., 2013 WL 5446412, at *5.  "A prevailing party may recover witness fees even for nontestifying witnesses if the party can show that a witness' attendance at [trial] was reasonably necessary."  George v. GTE Directories Corp., 114 F. Supp. 2d 1281, 1299 (M.D. Fla. 2000) (citations omitted).

Defendants seek to recover "attendance costs" for all of the witnesses listed above.  See Memorandum [D.E. 135 at 6].  However, it is not apparent from the record which proceedings the following witnesses attended: Dr. Gutierrez; Dr. Villalba; and the records custodians of Jackson, Kendall Regional, NBC 6, Semlex, and the Miami Marlins.  Indeed, Defendants do not indicate that any of these witnesses were deposed or otherwise justify their entitlement to recover these attendance "fees."  Without more, Defendants are not entitled to recover the fees for these witnesses as costs.  Further, the statutory limitation also applies to expert witnesses, see Walker, 243 F. Supp. 2d at 1307; hence, Defendants are only entitled to recover $40.00 for Dr. Stockham's attendance at her deposition.

Defendants also seek to tax costs for "reasonably estimated mileage" incurred by the witnesses.  See Memorandum [D.E. 135 at 7].  Beyond their vague assertion that they "tendered $10 in estimated mileage, the equivalent of approximate[ly] 8.5 miles of driving each way", see id., Defendants have failed to submit any "detailed documentation of the expenses", see J.G., 2013 WL 5446412, at *5, and are therefore not entitled to recover any costs for mileage.

Accordingly, Defendants are only entitled to recover under this category the amount of $120.00, which reflects the $40.00 witness fees incurred for Ms. Guardado, Mr. McKenzie, and Dr. Stockham's appearances at their depositions.

### D. Fees for exemplification and copies

Defendants seek to recover $82.25 for photocopies. See Memorandum [D.E. 135 at 8]. A prevailing party may recover fees for "the costs of making copies of any materials where the copies are necessarily obtained for use in the case." 28 U.S.C. § 1920(4). The moving party "must present evidence regarding the documents copied including their use or intended use." George v. Fla. Dep't of Corr., No. 07-80019-CIV, 2008 WL 2571348, at *2 (S.D. Fla. May 23, 2008), report and recommendation adopted in part, 2008 WL 11412061 (S.D. Fla. Jul. 7, 2008) (citation omitted). This evidence should include "information regarding the purpose of copies charged so the court will be able to determine the purpose of the copies as well as whether the rates paid for copies were reasonable, and whether the copies made were related to the action at issue." Monelus v. Tocodrian, Inc., 609 F. Supp. 2d 1328, 1335 (S.D. Fla. 2009). However, "costs for copies made merely for counsel's convenience" are not recoverable. Id. "As the prevailing party alone knows the purpose of the copies, it cannot simply make unsubstantiated claims that copies of the documents were necessary." George, 2008 WL 2571348, at *2.

Defendants have not provided an explanation regarding the need for these copies beyond baldly stating that they were "reasonably incurred during discovery". See Memorandum [D.E. 135 at 8]. This is insufficient. Monelus, 609 F. Supp. 2d at 1335. Accordingly, Defendants are not entitled to recover these costs.

### E. Interpretation costs

Finally, Defendants seek $1,962.50 for interpreting services. See Memorandum [D.E. 135 at 9]. "A court may award costs for the '[c]ompensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.'" Direct Niche, LLC v. Via Varejo S/A/, No. 15-cv-62344, 2018 WL

3672227, at *1 (S.D. Fla. May 8, 2018) (alteration in original) (citing 28 U.S.C. § 1920(6)).

Plaintiff argues that Defendants: duplicated the cost of interpreting the deposition of Ms. Roman; failed to identify one of the deponents whose testimony required interpretation; and cannot recover interpretation costs for translating a series of 9-1-1 calls. See Objections [D.E. 141 at 5].

Defendants have indeed submitted two invoices for interpretation services rendered at Ms. Roman's deposition: one from Veritext, LLC ("Veritext") for $280.00 and another from South Florida Interpreting, LLC ("South Florida Interpreting") for $270.00. See Invoices [D.E. 134-1 at 63, 66]. Defendants explain that "there are two entries for translators for this deposition . . . because the first translator at Ms. Roman's deposition was having difficulties, and the deposition was stopped to replace her with another translator." See Reply [D.E. 143 at 3]. Given this explanation, Defendants may recover the costs for interpretation services rendered by both Veritext and South Florida Interpreting at Ms. Roman's deposition.

Next, although Invoice #905317 fails to identify the deponent for whom South Florida Interpreting rendered interpretation services, it does identify the job date as February 3, 2021, at 10:00 AM, which matches the date and time of Ms. Perez's deposition. See generally Transcript of Ms. Perez's Deposition [D.E. 71-3]; see also Invoices [D.E. 134-1 at 61]. Therefore, Defendants are entitled to recover the costs for interpretation services rendered at Ms. Perez's deposition.

Finally, Defendants seek $120.00 in interpretation costs for a "4 minute transcription" and translation of a series of 9-1-1 calls. See Invoices [D.E. 134-1 at 64]; see also 9-1-1 Call Transcripts [D.E. 71-4, 71-8, 71-9]. However, the Supreme Court has held that "an interpreter is 'someone who translates orally from one language to another'". Direct Niche, 2018 WL 3672227, at *1 (citing Taniguchi v. Kan Pac. Saipan, Ltd., 566 U.S. 560, 574 (2012)). Given that these services were not rendered in an oral setting such as trial or a deposition, Defendants may not

recover these costs. Thus, Defendants' request for interpretation costs is reduced by $120.00 to $1,842.50.

F. Conclusion

Applying the foregoing reductions results in the following adjusted costs computation:

| Expenses and Costs | Requested ($) | Allowed ($) |
|---|---|---|
| Fees for service of subpoenas | 1,045.00 | 865.00 |
| Fees for printed or electronically recorded transcripts | 14,490.78 | 9,993.04 |
| Fees for witnesses | 2,652.00 | 120.00 |
| Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case | 82.25 | 0.00 |
| Compensation of interpreters and costs of special interpretation services under 20 U.S.C. 1828 | 1,962.50 | 1,842.50 |
| TOTAL: | 20,232.53 | 12,820.54 |

III. Interest

Defendants seek to recover interest on their costs award. See Memorandum [D.E. 135 at 9]. Under Eleventh Circuit law, "when a district court taxes costs against a losing party, the award of costs bears interest from the date of the original judgment." Georgia Ass'n of Retarded Citizens v. McDaniel, 855 F.2d 794, 799 (11th Cir. 1988). "[This] post-judgment interest rate is determined by 'the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding the date of the judgment.'" Soto v. Miami-Dade County, No. 14-cv-21307, 2019 WL 5212389, at *10 (S.D. Fla. Aug. 21, 2019), report and recommendation adopted, 2019 WL 5212391 (S.D. Fla. Sept. 5, 2019) (citing 28 U.S.C. § 1961(a)). Defendants indicate that this rate was 0.18% for the calendar week preceding the entry of Final Judgment. See Memorandum [D.E. 135 at 9]. Accordingly, Defendants are entitled to post-judgment interest on their costs award at a rate of 0.18% from the

date of the Court's entry of Final Judgment.[4]

### IV. Fact Information Sheet

Finally, Defendants "request that the Court order Plaintiff to complete the Florida Rule of Civil Procedure Form 1.977 (Fact Information Sheet) and all required attachments in accordance with Fla. R. Civ. P. 1.560(c)" and Federal Rule of Civil Procedure 69(a)(2), which provides that "a judgment creditor may conduct discovery in aid of execution according to the procedures of the state where the federal court is located." See Memorandum [D.E. 135 at 10]. However, given that a money judgment has yet to be entered in this case, the undersigned denies Defendants' request without prejudice to its renewal upon the Court's entry of a final cost judgment. See Sloan v. Miami-Dade County, No. 18-CV-21517, 2020 WL 5902486, at *8 n.3 (S.D. Fla. Jan. 24, 2020) ("Defendant's Motion also requests this Court to order Plaintiff to complete Florida Rule of Civil Procedure Form 1.977 (Fact Information Sheet). Because this Report and Recommendation does not constitute a money judgment, the Court declines to make such an order at this time.").

### RECOMMENDATION

In accordance with the foregoing, the undersigned RESPECTFULLY RECOMMENDS that Defendants' Bill of Costs [D.E. 134] be GRANTED IN PART, and that Defendants be awarded $12,820.54 in taxable costs, plus post-judgment interest at the annual rate of 0.18%, from the date of the entry of Final Judgment to the date of payment, as prevailing parties in this action.

Pursuant to Local Magistrate Judge Rule 4(b), the parties have **fourteen days** from the date of this Report and Recommendation to file written objections, if any, with the Honorable Aileen M. Cannon, United States District Judge. Failure to file timely objections may bar the parties from attacking the factual findings contained herein on appeal. See Resolution Tr. Corp. v. Hallmark

---

[4] Defendants also seek prejudgment interest, see Memorandum [D.E. 135 at 9], but such an award is not supported by McDaniel, 855 F.2d at 799.

Builders, Inc., 996 F.2d 1144, 1149 (11th Cir. 1993). Further, "failure to object in accordance with the provisions of [28 U.S.C.] § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." See 11th Cir. R. 3-1 (I.O.P. - 3).

RESPECTFULLY SUBMITTED in Chambers in Miami, Florida, on this 20th day of May, 2022.

_____
ALICIA M. OTAZO-REYES
UNITED STATES MAGISTRATE JUDGE

cc: United States District Judge Aileen M. Cannon
     Counsel of Record