UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 16-23241-CIV-CANNON/Otazo-Reyes

**MARIA DEL CARMEN MONTEFU ACOSTA**,
as Personal Representative of the Estate of
**MAYKEL ANTONIO BARRERA**, deceased.

    Plaintiff,
v.

**MIAMI DADE COUNTY, et al,**

    Defendants.
_____/

## ORDER ACCEPTING REPORT AND RECOMMENDATION

**THIS CAUSE** comes before the Court upon Magistrate Judge Alicia M. Otazo-Reyes's Report and Recommendation (the "Report") [ECF No. 151], entered on May 20, 2022. The Report recommends that Defendants' Bill of Costs [ECF No. 134] be granted in part and denied in part. The Court has conducted a de novo review of the Report, Plaintiff's Objections to the Report [ECF No. 153], Defendants' Response [ECF No. 156],[1] and the full record. Following that review, the Court **ACCEPTS** the Report and **GRANTS IN PART AND DENIES IN PART** Defendants' Bill of Costs [ECF No. 134].

On February 26, 2016, Plaintiff Maria del Carmen Montefu Acosta ("Plaintiff"), as personal representative of the Estate of her deceased son, Maykel Antonio Barrera, filed suit against Defendants Lawrence Ballesteros, Jorge Ferrer, Cynthia Mead, Giovanni Rodriguez, Enrique Noriega, Miguel Maldonado ("Defendants"), asserting federal excessive force claims

---

[1] Defendants do not object to the Report and Recommendation [ECF No. 156 p. 1].

pursuant to 42 U.S.C. § 1983 as well as a state law claim for wrongful death pursuant to Florida's Wrongful Death Act, Fla. Stat. § 768.19 [ECF No. 1-2 ¶¶ 33–108].

On May 14, 2021, Defendants filed a Motion for Summary Judgment on all counts in Plaintiff's Complaint [ECF No. 70], which the Court granted on November 22, 2021 [ECF No. 129]. The Court then entered Final Judgment in favor of Defendants [ECF No. 131].

On December 23, 2021, Defendants filed their Bill of Costs [ECF No. 134] and Verified Memorandum of Law in Support pursuant to Federal Rule of Civil Procedure 54(d) [ECF No. 135]; *see* Fed. R. Civ. P. 54(d) ("Unless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party."). Defendants seek an award of costs for fees related to service of subpoenas, depositions, transcripts, witnesses, copies of records, and compensation for interpreters [ECF No. 143-1 p. 4].

In opposition, Plaintiff argues that Defendants' Motion should be denied because (1) an award of costs would be inequitable due to Plaintiff's low-income status; (2) Defendants failed to comply with Local Rules 7.1(a)(3) and 7.3(c) before filing their Bill of Costs; and (3) several categories of costs that Defendants seek are not recoverable [ECF No. 141 pp. 2–6].

On May 20, 2022, the Magistrate entered a Report recommending that Defendants' Bill of Costs be granted in part and denied in part [ECF No. 151]. As to whether an award of costs would be inequitable due to Plaintiff's low-income status, the Report notes that Plaintiff failed to provide any documentation to support an inability to pay [ECF No. 151 pp. 3–4]. As to whether Defendants violated the Local Rules, the Report explains that Defendants were in full compliance with the conferral and certification requirements when filing their Bill of Costs [ECF No. 151 pp. 4–5]. Finally, on the question of which categories of expenses are recoverable, the Report states that although Defendants generally supported their request for costs, Defendants failed to justify certain

fee requests related to service of subpoenas, video depositions, transcript costs, court reporter fees, attendance costs for witnesses, copy services, and interpretation fees [ECF No. 151 pp. 5–17]. In sum, the Report recommends that Defendants be awarded a total of $12,820.54, plus post-judgment interest at the annual rate of 0.18%, from the date of the entry of Final Judgment to the date of payment [ECF No. 151 p. 19].

Plaintiff objects to the Report on the grounds that "1) awarding of costs would be inequitable, and 2) some of the costs awarded are not recoverable" [ECF No. 153 p. 1]. First, Plaintiff repeats her earlier arguments that she is disabled and has no other source of income besides Social Security payments [ECF No. 153 p. 3]. Plaintiff attaches documentation to her Objection (that was not previously provided to the Magistrate) showing, among other things, that she receives $829.00 per month in Social Security benefits and food stamps in the amount of $200.00 per month [ECF No. 153 pp. 6–10]. Plaintiff concludes that these documents "clearly establish Plaintiff's financial status, and inability to pay an award of costs" [ECF No. 153 p. 3].

The Eleventh Circuit has explained that "a non-prevailing party's financial status is a factor that a district court may, but need not, consider in its award of costs pursuant to Rule 54(d)." *Chapman v. AI Transp.*, 229 F.3d 1012, 1039 (11th Cir. 2000). If a court chooses to consider the non-prevailing party's financial status, the court "should require substantial documentation of a true inability to pay." *Id.* (citing *McGill v. Faulkner*, 18 F.3d 456, 459 (7th Cir. 1994)). In this case, even if the Court were to consider Plaintiff's financial status (Plaintiff being the Estate of the Maykel Antonio Barrera), Plaintiff has failed to submit relevant documentation to support Plaintiff's inability to pay. More fundamentally, as Defendants correctly note, Plaintiff has submitted documents showing the financial status of Ms. Montefu Acosta in her individual capacity [ECF No. 156 pp. 2–3], but the relevant inquiry is whether the Plaintiff—*the Personal*

*Representative of the Estate of Maykel Barrera*—is liable to pay the Bill of Costs, not whether Ms. Montefu Acosta in her personal capacity has the financial ability to pay. Accordingly, Plaintiff has failed to show any error contained in the Report.

Second, Plaintiff argues that Defendants' request for costs related to subpoenas should be further reduced from the already reduced amount in the Report, because several witnesses in the litigation had appeared voluntarily, rendering these subpoenas unnecessary according to Plaintiff, and one witness was improperly served twice to obtain medical records [ECF No. 153 p. 4]. Plaintiff's objections on the issue of subpoenas lack merit. The Magistrate already considered Plaintiff's arguments [ECF No. 141 pp. 4–5; ECF No. 151 p. 8 n.1] regarding the costs of subpoenas for witnesses who appeared voluntarily, and the Court sees nothing legally incorrect about the Magistrate's analysis on this point (nor does Plaintiff offer any contrary authority). *See generally U.S. E.E.O.C. v. W&O, Inc.*, 213 F.3d 600, 624 (11th Cir. 2000). As to whether a subpoena for medical records was improperly served twice, Plaintiff failed to raise this argument during the briefing before the Magistrate, and the Court declines to consider it now after the issuance of the Report. *See Williams v. McNeil*, 557 F.3d 1287, 1292 (11th Cir. 2009) ("[A] district court has discretion to decline to consider a party's argument when that argument was not first presented to the magistrate judge").

## CONCLUSION

For the reasons stated above, it is hereby **ORDERED AND ADJUDGED** as follows:

1. The Report [ECF No. 151] is **ACCEPTED**.
2. Defendant's Bill of Costs [ECF No. 134] and Verified Memorandum of Law in Support pursuant to Federal Rule of Civil Procedure 54(d) [ECF No. 135] are **GRANTED IN PART AND DENIED IN PART**.

3. Defendants are awarded $12,820.54 in taxable costs, plus post-judgment interest at the annual rate of 0.18%, from the date of the entry of Final Judgment to the date of payment, as prevailing parties in this action.

4. This case remains **CLOSED**.

**DONE AND ORDERED** in Chambers at Fort Pierce, Florida this 21st day of June 2022.

AILEEN M. CANNON<br>
**UNITED STATES DISTRICT JUDGE**

cc:   counsel of record